## HOFFMASTER et al. v. JUNKIN.

(Circuit Court of Appeals, Sixth Circuit. January 6, 1925.)

No. 4115.

1. **Guaranty ⫸56—Guarantors of account held discharged by acceptance of note by creditor without their knowledge.**

Guarantors of an account owed by a corporation *held* discharged by the taking of the note of the corporation extending the time of payment, without their knowledge or consent.

2. **Guaranty ⫸92(1)—Failure to submit questions to jury held reversible error.**

In an action against guarantors of an account, for which a note was afterward taken by the creditor, where allegations in the answer that the creditor expressly waived and canceled the guaranty, and that it was expressly agreed that the note was accepted as full and unconditional payment of the account, were supported by substantial evidence, failure to submit such questions for the jury was reversible error.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action at law by Paul S. Junkin, receiver of the Perfection Tire & Rubber Company, against L. P. Hoffmaster and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

W. P. Barnum, of Youngstown, Ohio (McKain & Ohl, of Youngstown, Ohio, on the brief), for plaintiffs in error.

Norman A. Emery and U. C. De Ford, both of Youngstown, Ohio (Harrington, De Ford, Huxley & Smith, of Youngstown, Ohio, on the brief), for defendant in error.

Before DENISON, MACK, and DONA-HUE, Circuit Judges.

MACK, Circuit Judge. Judgment was rendered against plaintiffs in error (hereinafter called defendants) upon their written agreement dated July 8, 1920, guaranteeing the payment of "all purchases heretofore made and that may hereafter be made by the Automotive Tire Service Company (of which they were directors) from Perfection Tire & Rubber Company, Ft. Madison, Iowa, up to the amount of $10,-000.00." From April 8, 1920, to September 3, 1920, the purchases aggregated over $23,000. Defendant in error (hereinafter called plaintiff), vendor's receiver, admitted offsetting credits of $14,855.89 and claimed a balance of $8,327.34, while defendants asserted that the Service Company was entitled to further offsetting credits. The verdict and judgment were for $8,240.

While the guaranty does not, in express terms, state that the purchases guaranteed were those theretofore made and thereafter to be made under and pursuant to terms of the contract in force between buyer and seller at the time of the execution of the guaranty, yet inasmuch as the guarantors were the buyer's directors and the purchases theretofore made and then owing for were those made under that contract, the guaranty must be deemed to refer thereto. By that contract the time of payment was definitely fixed at "net thirty days from date of invoice."

In December, when the account of the Service Company was past due, Smith, the general sales agent of the Perfection Company, after a conference with defendants Smart and Hoffmaster about the account, obtained the Service Company's note for $14,000 with interest at 6 per cent., dated December 21, 1920, and payable April 10, 1921, signed by the defendant Hoffmaster as treasurer. While the figures on the note were $14,000, the written portion read "fourteen hundred dollars"; to correct the error a new note dated January 10, 1921, was substituted.

It is agreed that the account was in dispute; $14,000 was accepted by the Perfec-tion Company as the amount then due; Smith testified that at first a 30 days' note was discussed and later a 90 days' note was agreed upon. The note was credited to the account of the Service Company upon the books of the Perfection Company, but was charged back when it became due and remained unpaid. Defendants Smart and Hoffmaster testified that the note was given and accepted as full and unconditional payment, and that it was expressly agreed that the guaranty was thereby canceled. Smith testified that nothing was said as to the note's being accepted in full payment and the guaranty canceled.

Defendants urge, and their testimony tends to support the contention, that the Perfection Company was more concerned to liquidate the account and get a note which could be discounted than it was to preserve its rights under the guaranty.

[1] There is no evidence to contradict the testimony of defendants Gifford and Riehl that they had no knowledge at that time of the negotiations or of the giving of the note by the Service Company and its acceptance by the Perfection Company. As this acceptance extended and was intended to extend the time for payment of the account, Gifford and Riehl, as nonassenting guarantors, were thereby released. It follows that the request for a directed verdict as to them should have been granted.

As to Hoffmaster and Smart, as well as to the other defendants, there was abundant evidence to justify submission to the jury of the questions whether or not Smith, in accepting the note, (a) expressly waived and canceled the guaranty, and (b) expressly agreed that the note should be regarded as full and unconditional payment.

[2] It may be added that no question of consideration for the release of guaranty or of Smith's authority appears to have been raised at the trial. If the note was given and taken in absolute and not in conditional payment of the account, the guaranty would be exhausted as the account guaranteed would have been paid. No question of consideration would arise. If it was given and taken in conditional payment but with an express waiver of the guaranty, the act of the guarantors, at the creditor's request, in causing their corporation to give the note, would be a sufficient consideration for the release. Smith's position as general sales manager, in charge of the settlement of the Automotive Company account, would suffice, too, to bind his principal whether or not, in turning in the note, he fully advised

the officers of the Perfection Company of the entire transaction. Therefore the failure to submit to the jury, as requested, the issues of conditional or absolute payment and of express waiver of the guaranty, was reversible error.

Reversed and remanded.